282 N.J. Super. 207 (1995)
659 A.2d 936
DEPARTMENT OF COMMUNITY AFFAIRS, LOCAL FINANCE BOARD, PETITIONER-RESPONDENT,
v.
WILLIAM G. COOK, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 10, 1995.
Decided June 2, 1995.
*208 Before Judges BAIME, KESTIN and RODRIGUEZ.
Appellant submitted a pro se brief.
Deborah T. Poritz, Attorney General, attorney for respondent (Mary C. Jacobson, Assistant Attorney General, of counsel; Keith A. Costill, Deputy Attorney General, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
At issue is whether members of the board of trustees of a municipal public library are subject to the financial disclosure requirements of the Local Government Ethics Law (N.J.S.A. 40A:9-22.1 to -22.25). We hold that such officials must comply with the Ethics Law's prescriptions.

I.
Appellant is a member of the board of trustees of the Dover Township public library. On December 9, 1991, the Local Finance Board of the Department of Community Affairs requested appellant to file a financial statement. When appellant refused, the Board sent a second notice threatening to impose a fine or begin removal proceedings. Based on appellant's continued refusal, the Board issued an order on April 15, 1992, assessing a fine of $100 and directing compliance with the Ethics Law's financial disclosure requirement within ten days. Appellant requested a hearing and the matter was transferred to the Office of Administrative Law.
Following an evidentiary hearing, the Chief Administrative Law Judge issued her initial decision in which she found that appellant was a "local government officer" and was obliged to file a financial disclosure statement. Specifically, the judge determined that appellant, as a library trustee, qualified as a "managerial executive" under N.J.S.A. 40A:9-22.3g, because he shared with other board members the authority to hire and fire library staff and fix *209 their compensation, make purchases, rent or construct facilities, and make budgetary recommendations. The judge rejected appellant's constitutional arguments that the Ethics Law is overbroad, invades the privacy of board members, and violates their Fifth Amendment privilege against self-incrimination. The Local Finance Board adopted the judge's decision. Appellant filed this appeal. We now affirm.

II.
The Local Government Ethics Law was enacted in 1991. The articulated objectives of the statutory scheme are to promote public confidence in the integrity of elected and appointed representatives and to prevent conflicts between the private interests and public duties of government officers. N.J.S.A. 40A:9-22.2b and c. In furtherance of these purposes, the Legislature adopted a statutory code of ethics, N.J.S.A. 40A:9-22.5, which is applicable to all "local government officer[s]," N.J.S.A. 40A:9-22.3g, and "government employee[s]," N.J.S.A. 40A:9-22.3f. The code of ethics governs virtually every person who serves in local government, except individuals appointed to purely advisory bodies, and officials, such as school board members and municipal court personnel, who are guided by other equally rigorous requirements. See, e.g., N.J.S.A. 18A:12-25 and -26.
The Ethics Law also requires "government officers," but not "government employees," to file annual financial disclosure statements with the Local Finance Board. N.J.S.A. 40A:9-22.6. These statements are to contain financial information relating not only to the "government officer," but also to his or her immediate family. N.J.S.A. 40A:9-22.6(1). In restricting these disclosure requirements to "government officers," the Legislature clearly wished to target individuals having policy-making responsibilities. This purpose is reflected in the definition of "government officer" as
any person whether compensated or not, whether part-time or full-time: (1) elected to any office of a local government agency; (2) serving on a local government *210 agency which has the authority to enact ordinances, approve development applications or grant zoning variances; (3) who is a member of an independent municipal, county or regional authority; or (4) who is a managerial executive or confidential employee of a local government agency ... but shall not mean any employee of a school district or member of a school board.
N.J.S.A. 40A:9-22.3g.
Although the Ethics Law does not define the term "managerial executive," it incorporates by reference the New Jersey Employer-Employee Relations Act (N.J.S.A. 34:13A-1 to -21), which states:
"[m]anagerial executives" of a public employer means persons who formulate management policies and practices, and persons who are charged with the responsibility of directing the effectuation of such management policies and practices, except that in any school district this term shall include only the superintendent or other chief administrator, and the assistant superintendent of the district.
N.J.S.A. 34:13A-3(f). This definition comports with common usage.
Against this backdrop, we are in complete accord with the Local Finance Board's conclusion that members of the board of trustees of a public library are "managerial executives" and are thus obliged to file annual financial disclosure statements. Boards of trustees are authorized by statute to "hold in trust and manage all property of the library." N.J.S.A. 40:54-12. They are empowered to rent rooms, construct buildings, purchase books, pamphlets, and other reading matter, hire librarians and other necessary personnel and fix their compensation, make proper rules and regulations for the government of the library, and "generally do all things necessary and proper for the establishment and maintenance of the free public library in the municipality." Ibid. Boards are obliged to make budgetary recommendations, N.J.S.A. 40:54-15, hold and manage bequests and donations, N.J.S.A. 40:54-19, and prepare annual reports, N.J.S.A. 40:54-15. In addition, such boards are authorized to loan money on tax anticipation or bond anticipation notes, N.J.S.A. 40:54-19.1, invest funds in certain obligations or bonds, N.J.S.A. 40:54-19.4, purchase land and buildings, N.J.S.A. 40:54-25, and commence condemnation proceedings, N.J.S.A. 40:54-28.
*211 Appellant notes that school officials, including members of boards of education, are exempt from the Ethics Law. See N.J.S.A. 40A:9-22.2e, -22.3f and g. He asserts that this exemption discloses a legislative design to except part-time uncompensated officers from the financial disclosure requirement. We point out, however, that school officials are bound by the School Ethics Act (N.J.S.A. 18A:12-12 to -34) and are obliged to file annual financial disclosure statements under N.J.S.A. 18A:12-25 and -26.
We are satisfied that the managerial and supervisory responsibilities we have described qualify members of library boards of trustees as "managerial executives" under N.J.S.A. 40A:9-22.3g, and thus, as "government officers," they are obliged to file annual financial statements. Our construction of the Ethics Law is consonant with the statutory language and furthers the clearly expressed legislative intent. We recognize that financial disclosure may discourage uncompensated volunteers from participating in local government affairs, as appellant contends. However, that argument is best addressed to the Legislature. Our obligation is to apply the Ethics Law in accordance with its express provisions.

III.
Appellant's remaining arguments that the Ethics Law is overbroad, invades the privacy of board members, and violates his Fifth Amendment privilege clearly lack merit. R. 2:11-3(e)(1)(E). We have previously held that similar disclosure requirements, though broad in scope, are reasonably related to a legitimate governmental purpose and do not invade the privacy of local officials. Kenny v. Byrne, 144 N.J. Super. 243, 255, 365 A.2d 211, (App.Div. 1976), aff'd, 75 N.J. 458, 383 A.2d 428 (1978); cf. Lehrhaupt v. Flynn, 140 N.J. Super. 250, 260-61, 356 A.2d 35 (App. Div. 1976), aff'd, 75 N.J. 459, 383 A.2d 428 (1978). Nor does the disclosure requirement violate the Fifth Amendment privilege of board members. See State v. Davis, 244 N.J. Super. 180, 197, 581 *212 A.2d 1333 (App.Div. 1990); cf. State v. Patton, 133 N.J. 389, 627 A.2d 1112 (1993).
Accordingly, the Local Finance Board's decision is affirmed.